UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV-81580-RLR

LIANFEN QIAN,

    Plaintiff,

vs.

BOARD OF TRUSTEES OF
FLORIDA ATLANTIC UNIVERSITY,

    Defendant.
_____/

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, BOARD OF TRUSTEES OF FLORIDA ATLANTIC UNIVERSITY ("FAU[1]"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Southern District of Florida Local Rule 7.1, hereby files this Reply Memorandum in Support of its Motion to Dismiss, and states:

Neither the Complaint [D.E. 1] nor Plaintiff's 3-page Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Response") [D.E. 14] account for the lack of sufficient facts necessary to properly state a claim for relief. The Complaint is entirely lacking in specificity and does not contain any factual allegations tending to support an inference of discrimination; instead, it is rife with conclusory and boiler-plate statements that fail to provide FAU with sufficient notice of the facts relied upon by Plaintiff. FAU's Motion to Dismiss must be granted.

The Eleventh Circuit and this Court have frequently dismissed cases due to a complaint's complete lack of factual matter creating an inference of discrimination, as well as a plaintiff's

---

[1] Plaintiff's Response failed to address the improper naming of the Defendant.

failure to sufficiently allege that similarly situated employees outside of her protected class were treated more favorably. *See Uppal v. Hospital Corp. of America,* 482 Fed.Appx. 394, 396 (11th Cir. 2012) (dismissal upheld where plaintiff failed to supplement his conclusory allegations of discrimination with any factual detail); *see also Scheirich v. Town of Hillsboro Beach*, 2008 WL 186621 (S.D. Fla. Jan. 18, 2009) (dismissing Title VII claim where the complaint alleged that terminated plaintiff was a member of a protected class and listed events surrounding plaintiff's termination, but failed to allege the remaining elements of a *prima facie* case – that she was qualified for her job and that similarly situated employees outside of her protected class were treated more favorably); *Hopkins v. Saint Lucie County School Bd.*, 399 Fed.Appx. 563 (11th Cir. 2010) (affirming dismissal where complaint lacked enough factual matter to establish a *prima facie* case of discrimination and black male plaintiff failed to plead facts that would allow the court to infer that defendant treated employees outside of plaintiff's protected classes more favorably); *Griffin v. Randstad Staffing Agency*, 2012 WL 12860754 (S.D. Fla. Nov. 28, 2012) (dismissing Title VII race discrimination claim where plaintiff failed to identify any adequate comparators, failed to state his qualifications, and further failed to include any allegations suggesting discriminatory intent); *Glover v. District Board of Trustees of Palm Beach State College*, 2019 WL 6340087 (S.D. Fla. Nov. 27, 2019) (granting motion to dismiss in part where African American male plaintiff did not specifically identify comparators and only included conclusory allegations of his qualifications for the job he was purportedly denied).

Plaintiff's Response fails to provide any support for its contention that the Complaint has adequately stated a claim for relief. The Response relies solely on Plaintiff's assertion that a *prima facie* case is not necessary for a Complaint to survive dismissal. *See* [D.E. 14]. The Eleventh Circuit has stated that a complaint cannot survive dismissal solely by alleging the "barest of

*Qian v. Board of Trustees of FAU*
*Case Number 9:19-CV-81580-RLR*
*Page 3 of 6*

conclusory allegations without notice of the factual grounds on which they purport to be based." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1271 (11th Cir. 2004). Instead, a complaint must offer more than conclusory allegations of misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In the employment discrimination context specifically, the complaint must provide enough factual matter to plausibly suggest intentional discrimination. *See Vasquez v. MC Miami Enterprises, LLC*, 2019 WL 4855740 at *2 (S.D. Fla. Sept. 12, 2019) (dismissing national origin discrimination claim where plaintiff failed to allege facts showing that he was treated less favorably than other employees and thus failed to plausibly allege intentional discrimination).

Plaintiff relies on *Houghton v. Burguer Gourmet, USA, LLC¸* 2019 WL 481750 (S.D. Fla. Feb. 7, 2019) to support her position that the Complaint is only required to provide FAU with notice of the claims being made and the grounds upon which they rest. [D.E. 14 p. 1]. Plaintiff claims that the Complaint meets this standard, but fails to detail how or cite to any portions of the Complaint supporting this contention. [D.E. 14 p. 2]. The court in *Houghton* stated that "[d]etailed factual allegations are not required, but a pleading must offer more than labels and conclusions. . . . In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief." 2019 WL 481750 at *2 (citing *Twombly,* 550 U.S. at 555; *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1263 (11th Cir. 2004); *Iqbal*, 556 U.S. at 677-78) (internal quotation marks omitted). In *Houghton*, the plaintiff properly alleged each required element of a *prima facie* case with enough factual detail to put defendant on notice of the claims against it. *Id.* at *3-4. Here, the Complaint merely alleges misconduct and fails to provide any grounds upon which Plaintiff's conclusory allegations of discrimination are based. Further, unlike the plaintiff in *Houghton*, Plaintiff does not even attempt to allege all elements of a *prima facie* claim case of discrimination.

Plaintiff also cites to two discrimination cases supporting her argument that, specifically in the Title VII context, a *prima facie* case is not necessary to survive dismissal. [D.E. 14 p. 2]. Plaintiff also concedes that conclusory allegations are insufficient and that there must be adequate facts alleged that suggest discrimination. *Id.* Plaintiff again fails, however, to explain how she has met this pleading standard and does not refer to any factual allegations in the Complaint that purportedly raise an inference of discrimination.

Additionally, Plaintiff fails to account for the distinguishable factual circumstances of the cases upon which she relies, which ultimately favor FAU's position. Specifically, *Surtain v. Hamlin*, cited on page two of the Response, notes that a Title VII plaintiff must assert facts that "plausibly suggest" that the adverse employment action suffered by the plaintiff was due to intentional discrimination. 789 F.3d 1239, 1246 (11th Cir. 2015). In *Surtain*, the Eleventh Circuit found that the district court improperly applied the *McDonnell Douglas* standard without considering the plausibility standard established under *Iqbal* and *Twombly*. *Id.* at 1246. The African American plaintiff in *Surtain* alleged in the complaint that her medical leave requests were handled differently than those of white employees. *Id.* at 1242. The court found that, while the alleged comparators were not *specifically* identified, there was enough factual matter in the complaint to at least create an inference of intentional discrimination. *Id.* at 1246.

Similarly, in *DeJesus v. Florida Cent. Credit Union*, the court indicated "a Title VII claimant does not have to plead a prima facie case to survive dismissal." 2018 WL 4931817 at *4 (M.D. Fla. Oct. 11, 2018) (citing *Surtain,* 789 F.3d at 1246). However, there still must be enough factual substance within the complaint to suggest intentional discrimination. *Id.* In denying the defendant's motion to dismiss, the *DeJesus* court noted that plaintiff had alleged that she was a member of a protected class, was qualified for her employment position as evidenced through

positive performance evaluations, and that she was terminated for taking preapproved medical leave relating to her pregnancy. *Id.* The court found that these allegations provided just enough factual matter to give rise to an inference of discrimination. *Id.*

Here, there is significantly less factual detail alleged in the Complaint than in *Surtain* and *DeJesus*. Plaintiff has not presented any allegations that may give rise to even the slightest inference of discrimination. Instead, Plaintiff merely states that she is a member of a protected class and was discriminatorily terminated from her position at FAU. *See* [D.E. 1]. The Complaint makes no mention whatsoever of Plaintiff's qualifications for her position nor does it refer to any employee at FAU outside of Plaintiff's protected class(es) who was treated more favorably than her. *Id*. In fact, there is absolutely no allegation whatsoever about the purported actions of the Plaintiff that were similar to those of any other FAU employee who was treated differently with the same set of circumstances—because she cannot and, therefore, any claim of discrimination fails as a matter of law. The Complaint is entirely devoid of any factual matter providing even a scintilla of context to Plaintiff's termination from FAU. Dismissal of the Complaint is appropriate. *See Uppal,* 482 Fed.Appx. at 396; *see also Scheirich*, 2008 WL 186621; *Hopkins,* 399 Fed.Appx. 563; *Griffin*, 2012 WL 12860754.

WHEREFORE, Defendant, BOARD OF TRUSTEES OF FLORIDA ATLANTIC UNIVERSITY, respectfully requests this Court grant its Motion to Dismiss, and any other relief deemed appropriate.

*Qian v. Board of Trustees of FAU*
*Case Number 9:19-CV-81580-RLR*
*Page 6 of 6*

I HEREBY CERTIFY that on this 31st day of January, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>MARRERO & WYDLER
>*Counsel for Defendant*
>2600 Douglas Road, PH-4
>Coral Gables, FL 33134
>(305) 446-5528
>(305) 446-0995 (fax)
>
>BY __/s/ Lourdes E. Wydler____
>OSCAR E. MARRERO
>F.B.N.: 372714
>oem@marrerolegal.com
>LOURDES ESPINO WYDLER
>F.B.N.: 719811
>lew@marrerolegal.com
>CHARLSIE J. HARRIS
>F.B.N.: 1018830
>cjh@marrerolegal.com

**SERVICE LIST**

Robert F. McKee, Esq.
FBN: 295132
yborlaw@gmail.com
Katherine Heffner, Esq.
FBN: 112955
katheffner@gmail.com
ROBERT F. McKEE, P.A.
1718 E. 7th Avenue, Suite 301
Tampa, FL 33605
(813) 248-6400
(813) 248-4020 (fax)
Secondary e-mail: bdjarnagin@gmail.com
*Attorneys for Plaintiff*